# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF
# PENNSYLVANIA

| | |
|---|---|
| IN RE: | : Chapter 7 |
| | : |
| SHARONN E. THOMAS, | : |
| | : |
| Debtor | : |
| | : Bky. No. 18-17430 ELF |

## ORDER

**AND NOW** upon consideration of the Motion to Retroactively Annul Automatic Stay ("the Motion") (Doc. # 21), filed by Martin Brown and Brown & Thomas LLC (collectively, "Brown"), and the Debtor's response thereto, and after a hearing;

**AND,** no response to the Motion having been filed by the chapter 7 trustee following the entry of the court's order dated **January 23, 2019** (Doc. # 55);

**AND,** the court concluding that Brown is entitled to relief requested;

It is therefore **ORDERED** that:

1. The Motion is **GRANTED**.

2. The automatic stay is **ANNULED** as to Brown, but solely for the purpose stated in Paragraph 3 below.

3. The Order of Dismissal entered on **November 8, 2018**, by the New Jersey Superior Court (Appellate Division) in the matter of Brown v. Pope, Docket No. A-003453-17T3 is hereby **VALIDATED**.

4. Brown may take no further action to collect the subject debt while this bankruptcy case is pending absent further order of this court.[1]

---

[1] The court's authority to annul the automatic stay, i.e., grant retroactive relief from the automatic stay, is firmly established. E.g., In re Myers, 491 F.3d 120, 127 (3d Cir. 2007). The decision

**Dated: February 11, 2019**

**ERIC L. FRANK
U.S. BANKRUPTCY JUDGE**

---

involves an equitable determination by court after consideration of all the circumstances, including whether:

- the creditor acted without knowledge of the debtor's bankruptcy filing;

- the debtor is guilty of some inequitable conduct;

- the creditor has changed its position to its detriment;

- whether a motion for relief from stay would likely have been granted before the creditor acted in violation of the stay, had it been filed earlier;

- whether the additional expenses necessarily incurred by the creditor who must begin anew with its enforcement remedy outweigh the benefit to anyone.

E.g. In re Coletta, 380 B.R. 140, 147-48 (citing cases).

Here, I find the equities favor the grant of the relief requested by Brown.

There is no dispute that Brown took no affirmative action to violate the stay; the technical violation was committed by the appellate court in New Jersey, which lacked notice of the bankruptcy filing.  I also consider it virtually certain that I would have granted Brown stay relief upon request before the technical violation of the automatic stay by the New Jersey appellate court.

But, the most influential factor is the Debtor's inequitable conduct.

The dismissal of the Debtor's appeal for failure to timely comply with the New Jersey appellate court's scheduling orders appears to be a continuation of the inequitable conduct that caused me to grant retroactive relief from the automatic stay to Brown in the Debtor's prior chapter 13 case, Bky. No. 17-14588.  Further, the timing of the Debtor's filing of the current bankruptcy case also appears tactical, coming, as it did, when the Debtor was out of compliance with the appellate court's scheduling orders and vulnerable to dismissal.  But even more significant were the questionable choices the Debtor in filing this case, the Debtor being ineligible to be a chapter 13 debtor, see 11 U.S.C. §109(e) and likely ineligible to be a voluntary debtor at all, see 11 U.S.C. §109(g)(2).

In considering 11 U.S.C. §109(e) and (g), I am aware that neither provision limits this court's subject matter jurisdiction. See, e.g., In re Phillips, 844 F.2d 230, 235 n.2 (5th Cir.1988) (referring to 11 U.S.C. §109(g)); In re Wenberg, 94 B.R. 631, 637 (B.A.P. 9th Cir. 1988), aff'd, 902 F.2d 768 (9th Cir. 1990) (referring to §109(e). The point here is not to determine the appropriate disposition of this bankruptcy case, but to merely demonstrate that the Debtor's filing itself was flawed in ways that were, or should have been, obvious to the Debtor and her counsel.  When combined with other considerations, the filing of a bankruptcy petition that the Debtor was ineligible to file helps tip the balance of the equities in favor of Brown.

Considering all the circumstances, I find the most equitable result is to leave intact the appellate decision rendered without knowledge of the bankruptcy filing, just two (2) hours after the filing.