United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                          Case No. 18-17430-elf
Sharonn E. Thomas                                                               Chapter 7
    Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2           User: JEGilmore            Page 1 of 2            Date Rcvd: Feb 11, 2019
                               Form ID: pdf900            Total Noticed: 8

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Feb 13, 2019.
db         +Sharonn E. Thomas,    856 North 29th St.,    Philadelphia, PA 19130-1144
cr         +JPMORGAN CHASE BANK, NATIONAL ASSOCIATION,     7255 Baymeadows Way,    Jacksonville, FL 32256-6851
cr         +Martin Brown,   c/o E. McCord Clayton, Esquire,     Clayton Commercial Litigation LLC,
             Two Penn Center,    1500 JFK Blvd., Suite 920,    Philadelphia, PA 19102-1742
cr         +The Bank of New York Mellon et als,    RAS Crane, LLC,   10700 Abbotts Bridge Road, Suite 170,
             Duluth, GA 30097-8461

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: megan.harper@phila.gov Feb 12 2019 02:52:33      City of Philadelphia,
             City of Philadelphia Law Dept.,   Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,
             Philadelphia, PA  19102-1595
smg             E-mail/Text: RVSVCBICNOTICE1@state.pa.us Feb 12 2019 02:52:21
             Pennsylvania Department of Revenue,   Bankruptcy Division,    P.O. Box 280946,
             Harrisburg, PA  17128-0946
smg            +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Feb 12 2019 02:52:31      U.S. Attorney Office,
             c/o Virginia Powel, Esq.,   Room 1250,    615 Chestnut Street,   Philadelphia, PA 19106-4404
cr              E-mail/Text: megan.harper@phila.gov Feb 12 2019 02:52:33      City of Philadelphia,
             Law Revenue Department,   c/o Pamela Elchert Thurmond,    1401 JFK Boulevard,
             5th Floor, Municipal Services Bldg,    Philadelphia, PA  19102
                                                                                              TOTAL: 4

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 13, 2019                                    Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on February 11, 2019 at the address(es) listed below:
              DANIELLE BOYLE-EBERSOLE    on behalf of Creditor    U.S. Bank, National Association, as Trustee
               for the Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2005-8
               c/o Select Portfolio Servicing, Inc. debersole@hoflawgroup.com,   bbleming@hoflawgroup.com
              E. McCord CLAYTON    on behalf of Creditor Martin  Brown cord@claytonlit.com
              HAROLD N. KAPLAN    on behalf of Creditor    The Bank of New York Mellon et als hkaplan@rasnj.com
              JOSHUA LOUIS THOMAS    on behalf of Debtor Sharonn E. Thomas joshualthomas@gmail.com
              KARINA  VELTER    on behalf of Creditor    WILMINGTON TRUST, NATIONAL ASSOCIATION
               amps@manleydeas.com
              KEVIN G. MCDONALD    on behalf of Creditor    PNC Bank, N.A. bkgroup@kmllawgroup.com
              KEVIN M. BUTTERY    on behalf of Creditor    The Bank of New York Mellon et als
               kbuttery@rascrane.com
              KEVIN M. BUTTERY    on behalf of Creditor    DITECH FINANCIAL LLC kbuttery@rascrane.com
              KEVIN S. FRANKEL    on behalf of Creditor    JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
               pa-bk@logs.com
              KRISTEN D. LITTLE    on behalf of Creditor    JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
               pabk@logs.com
              MARIO J. HANYON    on behalf of Creditor    HSBC Bank USA, N.A., As Indenture Trustee et al
               paeb@fedphe.com
              MARIO J. HANYON    on behalf of Creditor    Wells Fargo Bank, National Association As Trustee
               paeb@fedphe.com
              MARY F. KENNEDY    on behalf of Creditor    First Tennessee Bank National Association
               mary@javardianlaw.com, tami@javardianlaw.com
              PAMELA ELCHERT THURMOND    on behalf of Creditor    City of Philadelphia pamela.thurmond@phila.gov,
               karena.blaylock@phila.gov
              REBECCA ANN SOLARZ    on behalf of Creditor    U.S. Bank National Association, as indenture trustee,
               for the CIM Trust 2016-FRE1, Mortgage-Backed Notes, Series 2016-FRE1 bkgroup@kmllawgroup.com

```
District/off: 0313-2          User: JEGilmore            Page 2 of 2             Date Rcvd: Feb 11, 2019
                              Form ID: pdf900            Total Noticed: 8
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)
      TERRY P. DERSHAW    td@ix.netcom.com, PA66@ecfcbis.com;7trustee@gmail.com
      THOMAS YOUNG.HAE SONG    on behalf of Creditor    JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
       paeb@fedphe.com
      United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
                                                                      TOTAL: 18

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF
# PENNSYLVANIA

| | |
|---|---|
| **IN RE:** | **:** Chapter 7 |
| | **:** |
| **SHARONN E. THOMAS,** | **:** |
| | **:** |
| **Debtor** | **:** |
| | **:** Bky. No. 18-17430 ELF |

## ORDER

**AND NOW** upon consideration of the Motion to Retroactively Annul Automatic Stay ("the Motion") (Doc. # 21), filed by Martin Brown and Brown & Thomas LLC (collectively, "Brown"), and the Debtor's response thereto, and after a hearing;

**AND,** no response to the Motion having been filed by the chapter 7 trustee following the entry of the court's order dated **January 23, 2019** (Doc. # 55);

**AND,** the court concluding that Brown is entitled to relief requested;

It is therefore **ORDERED** that:

1. The Motion is **GRANTED**.

2. The automatic stay is **ANNULED** as to Brown, but solely for the purpose stated in Paragraph 3 below.

3. The Order of Dismissal entered on **November 8, 2018**, by the New Jersey Superior Court (Appellate Division) in the matter of Brown v. Pope, Docket No. A-003453-17T3 is hereby **VALIDATED**.

4. Brown may take no further action to collect the subject debt while this bankruptcy case is pending absent further order of this court.[1]

---

[1]   The court's authority to annul the automatic stay, i.e., grant retroactive relief from the automatic stay, is firmly established. E.g., In re Myers, 491 F.3d 120, 127 (3d Cir. 2007). The decision

**Dated: February 11, 2019**

**ERIC L. FRANK**
**U.S. BANKRUPTCY JUDGE**

---

involves an equitable determination by court after consideration of all the circumstances, including whether:

- the creditor acted without knowledge of the debtor's bankruptcy filing;

- the debtor is guilty of some inequitable conduct;

- the creditor has changed its position to its detriment;

- whether a motion for relief from stay would likely have been granted before the creditor acted in violation of the stay, had it been filed earlier;

- whether the additional expenses necessarily incurred by the creditor who must begin anew with its enforcement remedy outweigh the benefit to anyone.

E.g. In re Coletta, 380 B.R. 140, 147-48 (citing cases).

    Here, I find the equities favor the grant of the relief requested by Brown.

    There is no dispute that Brown took no affirmative action to violate the stay; the technical violation was committed by the appellate court in New Jersey, which lacked notice of the bankruptcy filing. I also consider it virtually certain that I would have granted Brown stay relief upon request before the technical violation of the automatic stay by the New Jersey appellate court.

    But, the most influential factor is the Debtor's inequitable conduct.

    The dismissal of the Debtor's appeal for failure to timely comply with the New Jersey appellate court's scheduling orders appears to be a continuation of the inequitable conduct that caused me to grant retroactive relief from the automatic stay to Brown in the Debtor's prior chapter 13 case, Bky. No. 17-14588. Further, the timing of the Debtor's filing of the current bankruptcy case also appears tactical, coming, as it did, when the Debtor was out of compliance with the appellate court's scheduling orders and vulnerable to dismissal. But even more significant were the questionable choices the Debtor in filing this case, the Debtor being ineligible to be a chapter 13 debtor, see 11 U.S.C. §109(e) and likely ineligible to be a voluntary debtor at all, see 11 U.S.C. §109(g)(2).

    In considering 11 U.S.C. §109(e) and (g), I am aware that neither provision limits this court's subject matter jurisdiction. See, e.g., In re Phillips, 844 F.2d 230, 235 n.2 (5th Cir.1988) (referring to 11 U.S.C. §109(g)); In re Wenberg, 94 B.R. 631, 637 (B.A.P. 9th Cir. 1988), aff'd, 902 F.2d 768 (9th Cir. 1990) (referring to §109(e). The point here is not to determine the appropriate disposition of this bankruptcy case, but to merely demonstrate that the Debtor's filing itself was flawed in ways that were, or should have been, obvious to the Debtor and her counsel. When combined with other considerations, the filing of a bankruptcy petition that the Debtor was ineligible to file helps tip the balance of the equities in favor of Brown.

    Considering all the circumstances, I find the most equitable result is to leave intact the appellate decision rendered without knowledge of the bankruptcy filing, just two (2) hours after the filing.