CLAYTON COMMERCIAL LITIGATION LLC
E. McCord Clayton, Esq.
Two Penn Center
1500 JFK Boulevard, Suite 920
Philadelphia, PA 19102
Ph: 267-242-3943
www.claytonlit.com
Attorney for Martin Brown
and Brown and Thomas, LLC

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Chapter 13 |
| | : | |
| SHARONN E. THOMAS, | : | |
| | : | |
| Debtor | : | |
| | : | Bankruptcy No. 18-17430(elf) |

---

## BROWN'S MEMORANDUM IN CONNECTION WITH THE COURT'S UPCOMING SANCTIONS HEARING AND THE TRUSTEE'S PENDING REQUEST FOR DISMISSAL

Martin Brown and Brown and Thomas, LLC (collectively, "Brown"), by and through their undersigned attorney, hereby submit the following *Memorandum in Connection with the Court's Upcoming Sanctions Hearing and the Trustee's Pending Request for Dismissal.* Because of an unavoidable scheduling conflict, undersigned counsel will unfortunately not be able to attend the upcoming hearing to show cause relative to sanctions that is currently scheduled for April 15, 2019. *See* Dkt. #84. Accordingly, Brown submits the following memorandum to express his position concerning that matter as well as, relatedly, the Chapter 7 Trustee's pending request-by-docket-entry for dismissal (Dkt. #99).

The Court's Order to Show Cause (Dkt. #84) notes just a few of the many discrepancies and shortcomings associated with Thomas's schedules herein. Because of these shortcomings, it

has been (and continues to be) challenging to evaluate Thomas's affairs as a creditor.  This has been (and remains) highly prejudicial.  Accordingly, Brown believes it is imperative that Thomas be ordered to prepare full and complete schedules, and also that sanctions may well be warranted on account on account of her deficiencies on this score to date.

Relatedly, Thomas has also now failed to appear for two scheduled meetings of creditors. Once again, then, Thomas is flouting her obligation to accurately disclose her financial affairs, provide the required supporting documentation, and appear to answer questions about them.  As a result, the Chapter 7 Trustee has submitted a (seemingly routine) docket-entry request for dismissal.  *See* Dkt. #99.  Of course, it is possible that Thomas has anticipated the Trustee's dismissal request, but is content to ignore the creditor meetings regardless because she would rather have her case dismissed than to proceed with a Chapter 7 liquidation anyway.

The question the Court will ultimately have to determine, then, is what to do under these circumstances.  Brown respectfully submits that the following should occur.

To begin with, Thomas should promptly be ordered to amend her schedules so they are complete and accurate, to produce all supporting documentation requested by the Trustee, and to appear for the meeting of creditors.  If she fails to do so, the Court should force her to, and should also direct the Trustee to proceed with liquidation.  *See, e.g., In re Segal*, 527 B.R. 85 (Bankr. E.D.N.Y. 2015) (in similar circumstances, declining to dismiss where debtor refused to cooperate, after invoking automatic stay, on the grounds that debtor was equitably estopped from "accept[ing] the benefits of bankruptcy, but eschew[ing] his obligations as a debtor"; instead, the Court ordered that (i) the debtor meet his disclosure obligations, and (ii) the Trustee proceed with liquidation notwithstanding the debtor's objections).

2

Thereafter, the liquidation should proceed so that creditors such as Brown can receive their appropriate distributions. *Id.* For reasons that were well articulated in the *Segal* case and equally applicable here, Brown respectfully submits that completing this bankruptcy via liquidation is more appropriate than dismissal (notwithstanding the Trustee's pending request). Thomas should not be rewarded for her intransigence.

But if Thomas continues to refuse to cooperate – and the Court nonetheless rejects the foregoing approach – then (and only then) Brown would concur with the Trustee that this case should be dismissed. However, for the reasons described in Brown's prior *Motion Under § 1307(c) To Convert This Case To Chapter 7 (Or, Alternatively, Dismiss It With A Filing Injunction*) (Dkt. #38), any such dismissal should be with prejudice, and should also be accompanied by a filing injunction barring Thomas from filing another bankruptcy at any time. This conclusion is further warranted in light of the Court's prior ruling denying Thomas's motion to convert to Chapter 11 for reasons including bad faith. *See* Dkt. #81-83.

Absent such a filing injunction, Thomas would otherwise be able simply to re-file yet another bankruptcy (her third). By doing so, she could again trigger the automatic stay and again seek a rehabilitative bankruptcy, even though this Court has expressly ordered otherwise based on extensive proceedings before it in Thomas's two prior bankruptcies. In other words, Thomas would be able, via such serial filings, to continue enjoying all the *benefits* a debtor gains from bankruptcy, while evading the corollary *burden* of making a distribution to creditors (or at least, deferring that day for so long as to have much the same practical effect).

Such an outcome would represent manifest bankruptcy abuse. Instead, the Court should foreclose it, as described above, preferably by compelling a Chapter 7 liquidation (the optimal

and proper approach), or, failing that, by dismissing this bankruptcy with prejudice and issuing a

filing injunction to bar Thomas from any later bankruptcy filing.


Respectfully Submitted,


_____

E. McCord Clayton, Esq.
Clayton Commercial Litigation LLC
Two Penn Center
1500 JFK Boulevard, Suite 920
Philadelphia, PA 19102
Ph: 267-242-3943
www.claytonlit.com
Attorney for Martin Brown
and Brown and Thomas, LLC


Dated: April 8, 2019

CERTIFICATE OF SERVICE

I hereby certify that on the date referenced below I served the foregoing document on Defendant's counsel, Joshua L. Thomas, Esq., the US Trustee, and all other counsel and parties of record, via electronic court filing.


_____
E. McCord Clayton, Esq.


Dated:  April 8, 2019