UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Chapter 13 |
| Sharon E. Thomas, | : | |
| Debtor | : | Bky. No. 18-17430 ELF |

# O R D E R  AMENDING  OPINION

**AND NOW**, this 24th day of February, 2020, upon consideration of Martin Brown and Brown and Thomas, LLC's (collectively, "Brown") Motion (Doc. # 183, the "Motion") to correct the Court's Memorandum Opinion issued on February 13, 2020 (Doc. # 179, the "Opinion"):

Upon review of the factual record in this and the Debtor's previous bankruptcy (Bky. No. 17-14588), it is hereby **ORDERED** that:

1. The Motion is **GRANTED**.

2. The Factual Findings of the Opinion, which sanctioned the Debtor's former attorney, Joshua Louis Thomas, for violating Federal Rule of Bankruptcy Procedure 9011(b)(3), are hereby **amended** as follows:

   a. Paragraph 18(d) of the Opinion (p.8) is **amended** to read: "Thomas only advised Brown of the existence of the bankruptcy filing on or about September 29, 2017, more than two (2) weeks after the arbitration hearing and entry of the arbitration award in the State Court Action."

   b. Paragraph 18(e) of the Opinion (p.8) is **stricken**.

   c. Paragraph 20 of the Opinion (pgs.8-9) is **amended** to read: "In entering the Stay Relief Order and annulling the automatic stay in part, this court found that Thomas' conduct in concealing the existence of the bankruptcy until after the arbitration hearing to be

'completely inexcusable' and 'almost shocking.'" (Hearing Transcript, December 15, 2017, at 114, 127) (Bky. No. 17-14588, Doc. #76).[1]

_____
**ERIC L. FRANK
U.S. BANKRUPTCY JUDGE**

---

[1] In the Motion, Brown's attorney asserts that "[n]either Mr. Brown nor his counsel wish (nor deserve) to be tarred by association with Mr. Thomas's conduct [of ignoring the automatic stay imposed by the Debtor's bankruptcy proceeding]." Motion at ¶7.

However, review of the facts reveals that Brown was not simply an innocent actor which fully understood and respected the effects of the automatic stay on the pending state court action. After receiving notice of the Debtor's bankruptcy filing, which occurred on or about September 29, 2017, Brown continued to proceed in state court and took affirmative steps to enter the arbitration award as a judgment in that venue, in violation of the automatic stay. See Transcript of hearing held on December 15, 2017 (Doc. # 76 in Bankr. No. 17- 14588, at 82-93.)

Because Brown's proceeding in state court despite having knowledge of the Debtor's bankruptcy violated the automatic stay, I entered an order which, *inter alia*, voided Brown's actions. See Doc. # 73 in Bankr. No. 17-14588.