**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | Chapter 7 |
| | : | |
| Sharonn E Thomas, | : | |
| | : | No. 18-17430-ELF |
| Debtor. | : | |

**ORDER**

Upon consideration of the Motion (the "Motion") filed by Terry P. Dershaw, Chapter 7 Trustee (the "Trustee) of the bankruptcy estate of Sharonn E. Thomas (the "Debtor") for an Order Authorizing The Trustee to Sell Real Estate as set forth on Exhibit A (the "Properties") Free and Clear of Liens, Claims and Interests Pursuant to Section 363(b) and (f) of Title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code"), to the parties set forth in agreements of sale attached to the Motion except that 3508 N 23rd Street and 2924 Ringgold Street shall be sold to the higher offeror pursuant to the Agreement filed with the Court and the responses to the Motion [Doc. 230, 231, 232, 233, 234, and 237], after a hearing at which the Trustee reported that the issues with the some of the responding parties have been resolved but not with respect to alleged second mortgage liens of Bank of New York Mellon, and the Court being satisfied that:

(i)    the sale of the Properties is necessary and is in the best interest of the Trustee, Debtor, the creditors and the estate;

(ii)   the sale of the Properties contemplated by the Motion being a sound exercise of the Trustee's business judgment and being in good faith;

(iii)  the sale of the Properties is the product of good faith, arm's length negotiations between the Trustee and Buyers.

- 1 -

(iv)  and appearing that notice of the Motion having been given to the Office of the United States Trustee, the Debtor, creditors and other notice parties;

(v)  and it appearing that no other notice need be given;

(vi)  this Court having jurisdiction over the Motion;

(vii)  after any proceedings in respect of this matter; and

(viii)  sufficient cause appearing therefore, it is hereby:

**ORDERED** that pursuant to §§ 363(b) and (f) of the Bankruptcy Code, the Trustee is authorized and empowered to sell the Properties, where is, as is, without representation, warranty, statement, or guaranty whether express or implied, free and clear of interests (unless otherwise provided in the Motion or in the offer, including the purchaser of 3508 N. 23rd Street & 2924 Ringgold Street who is buying subject to the City of Philadelphia's statutory liens including any liens for real estate taxes, water debt, street fees and non-judgment licensing & inspection debt, which liens will remain attached to these properties), for due consideration pursuant to the Contracts attached to the Motion as Exhibit B as Supplemented with the higher offers submitted to the Trustee with respect to 3508 N 23rd Street and 2924 N Ringgold St. filed of record; it is further

**ORDERED** that the settlement with the City of Philadelphia is approved; it is further

**ORDERED** that from the proceeds of the sale of the Properties, the Trustee is authorized to pay at closing:

a.  all Undisputed Liens (as set forth in the attached revised Exhibit A2 to the Motion) encumbering the Properties, less any agreed upon Carve-out;

b.  the real estate Broker Fees;

c.  typical closing costs;

d.  the co-owner's portion, if any, and

2

**ORDERED** that Disputed Liens, including the alleged second mortgage liens of Bank Of New York Mellon with respect to 504 N 57th St. and 6106 W. Oxford St., shall not be paid at closing and shall attach to the proceeds of the sale until further determination by Order of the Court; it is further

**ORDERED** that Pablo Tibab, the initial bidder for real estate at 2924 N. Ringgold, Phila, PA is hereby approved as back up bidder for the same terms as proposed to the court in the Motion, in the event that the higher and better offeror does not close; it is further

**ORDERED** that Pursuant to Bankruptcy Rules 6004(h) this Order shall be effective and enforceable immediately upon entry, and the Trustee and the Buyers are authorized to close the Sales immediately upon entry of this Sale Order.  The stay required under Bankruptcy Rule 6004(h) and is hereby waived.

**Date:  12/22/21**

_____
**ERIC L. FRANK
U.S. BANKRUPTCY JUDGE**

EXHIBIT A-2 [REVISED]
UNDISPUTED FIRST PRIORITY LIENS/CO-OWNERS
TO BE PAID AT CLOSING

| No. | Properties | Sales Price | Mortgagee/ Co-owner | Undisputed amount |
|---|---|---|---|---|
| 1 | 3508 N 23rd St | $154,379 | TFI, Inc | $10,019 Cross collateralized with 3330 W. Sergeant |
| 2 | 2835 N Bonsall ST | $34,000 | [City] | [See carve-out] |
| 3 | 504 N 57th St | $55,000 | Bank Of New York Mellon Response Doc. 233 Bank Of New York Mellon Alleged Second | $9671. The lien shall be paid in full subject to a proper and accurate payoff at the time of sale unless mortgagee otherwise agrees to accept a lower amount. |
| 7 | 2924 N. Ringgold Street | $47,487 | PNC Bank, National Association Response Doc. 231 | $5155. The lien shall be paid in full subject to a proper and accurate payoff at the time of sale unless mortgagee otherwise agrees to accept a lower amount. |
| 8 | 2338 N Gratz ST | $54,000 | JPMorgan Chase Bank, National Association Response Doc. 234 | $20,041. The lien shall be paid in full subject to a proper and accurate payoff at the time of sale unless mortgagee otherwise agrees to accept a lower amount. |
| 9 | 5621 Walton Ave | $69,000 | U.S. Bank National Association, as indenture trustee, for the CIM Trust 2016-FRE1, Mortgage-Backed Notes, Series 2016-FRE1 Response Doc. 230 | $29,176. The lien shall be paid in full subject to a proper and accurate payoff at the time of sale unless mortgagee otherwise agrees to accept a lower amount. |
| 10 | 6106 W. Oxford St | $130,000 | Wells Fargo Home Mortgage | $12,900 |

4

|    |                     |          | BoNY Alleged Second | $3255 |
|----|---------------------|----------|---------------------|-------|
| 11 | 3330 W Sergeant ST  | $78,000  | TFI, Inc.           | $10,019 Cross collateralized with 3508 N 23rd |
| 12 | 1720 N Taney ST,    | $84,000  | 50% Owner Deborah Morris | $35,397 Co-owner |
| 13 | 4712 Penn St        | $135,000 | MERS Loan Assigned to BNY/First Horizon Response Do, 237 | $34,760. The lien shall be paid in full subject to a proper and accurate payoff at the time of sale unless mortgagee otherwise agrees to accept a lower amount. |
| 15 | 2509 W Lehigh Ave   | $65,000  | [City]              | [See carve-out] |
| 16 | 6563 Woodstock      | $89,000  | Ocwen Loan Svgs LLC | $50,914 |
| 19 | 1633 N 26th Street  | $80,000  | NationStar Mtge LLC 50 % Owner Brian E. Pope | $24,726 $13,855 |
| 20 | 5726 Hoffman Avenue | $89,000  | PNC Bank Response Doc. 232 | $68038. The lien shall be paid in full subject to a proper and accurate payoff at the time of sale unless mortgagee otherwise agrees to accept a lower amount. |
| 21 | 5728 Hoffman Avenue | $90.000  | PNC Bank            | $50,000 |
| 26 | 3060 N Bonsall St   | $42,000  | 50% Owner Brenda J. Royal | $16,738 |