## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Chapter 7 |
| | : | |
| Sharonn E Thomas, | : | |
| | : | No. 18-17430-PMM |
| Debtor. | : | |

### EXPEDITED MOTION OF TRUSTEE, TERRY P. DERSHAW, ESQUIRE, FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE TAX CLAIMS

Terry P. Dershaw, Esquire (the "Trustee"), Trustee of the bankruptcy estate ("Estate") of Sharonn E Thomas ("Debtor"), by and through his attorneys, hereby moves this Court for the entry of an Order under 11 U.S.C. §§ 503, 507 & 726, substantially in the form of the Order attached hereto, determining and allowing the post-petition taxes of the taxing authorities and authorizing the Trustee to pay the estimated taxes. In support of this Motion, the Trustee respectfully represents as follows:

### Background

1. Movant is Terry P. Dershaw, Esquire, Trustee of the Estate of Debtor.

2. A voluntary petition under chapter 7 of the United States Bankruptcy Code was filed by the Debtor, and an Order for Relief was entered by this Court on November 8, 2018.

3. In the course of administration of this estate, the Trustee has sold various parcels of real property improved by residential houses. Prior to the bankruptcy, the Debtor was engaged in the residential rental business by maintaining an inventory of residential rental houses including those that the Trustee sold which were property of the bankruptcy estate.

4. By this Motion, the Trustee seeks authority (i) to determine and allow the chapter 7 administrative tax claim of the IRS, and (ii) to authorize payment of taxes due as a result of the sales.

5. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

6. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

7. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## The Liquidation of the Properties

8. The Trustee filed an Application to employ Bederson LLP as the Trustee's accountants to prepare the estate tax returns, which was authorized by an Order of the Court.

9. Bederson LLP has prepared estate tax returns for local, state and federal taxing authorities which calculated the taxes for the initial/final year ended December 31, 2022 for the estate indicating that the chapter 7 administrative taxes of the following amounts are due:

| | | |
|---|---|---|
| 1. | Federal Return: | $ 110,505 |
| 2. | Pennsylvania Return: | $ 23,704 |
| 3. | Philadelphia Net Profit Return: | $ 2,635 |
| 4. | Philadelphia BIRT Return: | $ 30,162 |
| | Total | $ 167,006 |

10. In its analysis provided to the Trustee in connection with the real estate sale proposals, Bederson LLP conservatively estimated these taxes would amount to $204,512.

11. The bankruptcy estate is treated as a new taxable entity, separate from the individual Debtor taxpayer. The Trustee is responsible for preparing and filing the estate's tax returns and paying its taxes. The Trustee plans to file a Form 1041 for the bankruptcy estate. The Trustee has reviewed the returns and believes then to be reasonable and properly prepared.

12. With court approval, the Trustee wishes to submit the returns with payment pursuant to Section 505(b) of the Bankruptcy Code to the taxing authorities. The Trustee will request the taxing authorities make prompt determination of the estate's tax liability.  The Trustee

believes it is in the best interest of the estate and creditors of the estate to pay the taxes with the submission of the returns.

13. The Trustee requests authority to pay these chapter 7 administrative taxes. *In re Cloobeck*, 788 F.3d 1243 (9th Cir. 2015) (trustee must notify creditors, set a hearing or opportunity for a hearing and obtain bankruptcy court approval as a condition of paying taxes incurred by the bankruptcy estate).

14. Internal Revenue Code (26 U.S.C.) Section 6012(b)(4), provides that: "Returns of an estate, a trust, or an estate of an individual under chapter 7 or 11 of [the Bankruptcy Code] shall be made by the fiduciary thereof." The trustee must ordinarily pay federal taxes on time. 28 U.S.C. § 960. Bankruptcy Code Section 503(b)(1)(D) excuses the government from filing a request for payment of an administrative expense.

15. Under 11 U.S.C. § 503(b)(1)(B), taxes incurred by the bankruptcy estate are considered an administrative expense, however, those expenses can only be paid after notice and a hearing.

16. Due to the deadline of April 18, 2023 to timely file tax returns, the Trustee seeks expedited consideration of this motion.

WHEREFORE, the Trustee requests that the court approve the chapter 7 administrative claims and authorize the Trustee to pay the chapter 7 administrative taxes of the following amounts are due with the returns:

| | | |
|---|---|---|
| 1. | Federal Return: | $ 110,505 |
| 2. | Pennsylvania Return: | $ 23,704 |
| 3. | Philadelphia Net Profit Return: | $ 2,635 |
| 4. | Philadelphia BIRT Return: | $ 30,162 |
| | Total | $ 167,006 |

3

as set forth above and that he have such other and further relief as is just and proper in the premises.

Date: April 3, 2023

                        GELLERT SCALI BUSENKELL & BROWN, LLC

                        /s/ Gary F. Seitz
                        Gary F. Seitz
                        8 Penn Center
                        1628 John F. Kennedy Blvd., Suite 1901
                        Philadelphia, PA 19103
                        Phone: (215) 238-0012
                        Fax: (215) 238-0016
                        Email: gseitz@gsbblaw.com
                        Counsel to Terry P. Dershaw,
                        Chapter 7 Trustee